# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Willie Lee Wilson; Willie Wilson 2016,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>DNC Services Corporation d/b/a Democratic National Committee,<br>　　　　Defendant. | Civil Action No. 1:17-cv-00730 (TNM) |

## ORDER

This case is before me on Plaintiffs' December 8, 2017, Motion for Leave to Amend Complaint. Because leave to amend should be liberally granted and for the reasons explained below, Plaintiffs' December 8, 2017, Motion for Leave to Amend is GRANTED. Accordingly, Defendant's Motion to Dismiss the original complaint and Plaintiff's earlier but still pending Motion for Leave to Amend are DISMISSED as moot.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with leave of court and instructs, "[t]he court should freely give leave when justice so requires." Accordingly, leave to amend is liberally granted except in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Defendant opposes Plaintiffs' motion primarily on the ground that amendment would be futile because it would not cure the deficiencies of the original complaint and on the ground that prior amendments have repeatedly failed to cure the deficiencies of the original complaint. Although this is the third time that Plaintiffs have sought to amend their complaint, no prior amendments have taken place. Nor has there been a judicial determination identifying deficiencies in the original complaint that must be cured in an amended complaint. The Defendant has not yet filed an answer. At this early stage in the proceedings, allowing Plaintiffs' proposed amendments would not be prejudicial to the Defendants. Any deficiencies in the Amended Complaint can be explored on a motion to dismiss.

With respect to some of the proposed amendments, the Defendant also argues that Plaintiffs should not be permitted to reference a May 26, 2015, memorandum to the DNC because this information was obtained by hackers rather than through the discovery process and, alternatively, because this information was available through public court filings at the time of the original complaint. Neither argument persuades me that the Motion for Leave to Amend should be denied.

As to the first argument, it is not unusual for a complaint to reference information obtained outside the discovery process, since a complaint generally precedes discovery. Moreover, Defendant has not alleged that Plaintiffs obtained the information by any wrongdoing of their own. Rather, as Defendant itself observes, Plaintiffs, along with the rest of the general public, have legal access to the information in question.

As to the second argument, Defendant has failed to cite any authority establishing that leave to amend should be denied where the information sought to be included by amendment was available at the time of the original complaint. Although the prior availability of information could be relevant to undue delay and to bad faith or dilatory motive, Defendant has not directly raised either issue. There is nothing to indicate that Plaintiffs knew or should have known of the public filing that disclosed the information in question prior to the time that they filed their original complaint. Plaintiff sought leave to amend only after the information was reported widely to the public through the media. Accordingly, I find that there is no undue delay and no indication of bad faith or dilatory motive in this case.

For the reasons explained above, Plaintiffs' December 8, 2017, Motion for Leave to Amend is GRANTED. Also pending before me are Defendant's Motion to Dismiss the original complaint and one of Plaintiffs' two prior motions for leave to amend. ECF 10, 16. In light of the grant of Plaintiffs' December 8, 2017, Motion for Leave to Amend, these motions are DISMISSED as moot.

The Clerk of Court is directed to docket ECF 21-2 as Plaintiffs' Amended Complaint. Defendant shall answer or otherwise respond to Plaintiffs' Amended Complaint by January 23, 2018.

**SO ORDERED.**

Dated: January 2, 2018

TREVOR N. MCFADDEN
United States District Judge