```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
_____

Willie Lee Wilson, et al.,   ) Civil Action
                             ) No. 1:17-cv-00730-TNM
              Plaintiffs,    )
                             )
vs.                          ) Status Conference
                             )
DNC Services Corporation,    ) Washington, D.C.
                             ) April 1, 2019
              Defendants.    ) Time:  10:00 a.m.
_____

            Transcript of Status Conference
                      Held Before
           The Honorable Trevor N. McFadden
               United States District Judge
_____

                   A P P E A R A N C E S

For the Plaintiffs:    Wayne B. Kendall (via telephone)
                       WAYNE B. KENDALL, P.C.
                       155 Bradford Square, Suite B
                       Fayetteville, Georgia 30215

For the Defendant:     Bruce V. Spiva
                       Brian Simmonds Marshall
                       Alexander G. Tischenko
                       PERKINS COIE LLP
                       700 13th Street, Northwest, Suite 600
                       Washington, D.C. 20005
_____

Court Reporter:        Nancy J. Meyer
                       Official Court Reporter
                       Registered Merit Reporter
                       Certified Realtime Reporter
                       United States Courthouse, Room 6509
                       333 Constitution Avenue, Northwest
                       Washington, D.C. 20001
                       (202) 354-3118
```

```
 1                    P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Your Honor, we have Civil Case
 3     17-730, Willie Lee Wilson, et al. vs. DNC Services Corporation.
 4              Counsel, please come forward to identify yourselves
 5     for the record.
 6              MR. KENDALL:  Good morning, Your Honor.  Wayne
 7     Kendall for the plaintiff.
 8              THE COURT:  Good morning, Mr. Kendall.
 9              MR. SPIVA:  Good morning, Your Honor.  Bruce Spiva
10     for the DNC, and with me are my colleagues Alex Tischenko and
11     Brian Marshall.
12              THE COURT:  Good morning, gentlemen.  All right.  So
13     I've read the parties' briefing.
14              Mr. Kendall, first, just so we're clear going
15     forward, I don't see appearing by telephone to be kind of
16     standard practice here.  You should make sure that you've
17     cleared it with my chambers before you do so in the future, but
18     you should typically expect your -- one of your colleagues to
19     be here in person on status conferences.
20              Secondly, I've -- as I said, I've read the parties'
21     briefs.  I've got to say, I think you're -- you've got an
22     uphill battle you're facing, but, you know, the DNC's brief was
23     just filed late on Friday, I think.  So I'll give you an
24     opportunity to reply to it, if you wish.
25              MR. KENDALL:  Yes, I would like that, Your Honor.  I
```

1    have not yet had a chance to really go through it in depth.  I
2    have two other briefs due today.  So I didn't get a chance to
3    really read it over the weekend.
4            THE COURT:  So by "reply," I meant right now.  I'm
5    going to decide.  So if there's anything more you'd like to
6    say, now is your chance.
7            MR. KENDALL:  I really don't have anything more to
8    say than what I've already said in my motion to open -- open
9    the discovery period -- standard discovery period.
10           THE COURT:  Okay.  So I'm going to deny the
11   plaintiff's motion to extend the discovery period for two
12   reasons.  First, as I've indicated before, I think my -- my
13   original minute order made clear that I was accepting the
14   parties' requested changed discovery schedule that had required
15   depositions to be noted before, I believe, the plaintiffs
16   noticed any depositions, and certainly the three at issue here.
17   I think that is independent and sufficient grounds to deny the
18   motion to extend.
19           Secondly, and in any event, I would deny the motion
20   to extend discovery for the purpose of these -- taking these
21   three depositions because I don't think the -- the plaintiffs
22   have developed additional information that would justify taking
23   these three depositions.  As I stated when we were all here
24   back last summer, that I -- I was concerned that before the
25   plaintiffs tried to take depositions of -- I think the -- the

```
 1    defendant's term is apex witnesses -- that they -- they build a
 2    record for doing so.  I don't think they've done so here.
 3              The request for Ms. Dacey is largely based on just a
 4    standard interrogatory response and testimony from
 5    Jaime Harrison, who was not even working for the DNC at the
 6    relevant time.  Donna Brazile, the information is largely based
 7    on statements from her book, and Debbie Wasserman Schultz, it
 8    is based on the fact that she apparently was -- was at the fish
 9    fry and may have overheard the plaintiff being denied access to
10    the stage.  I don't think there's a dispute that he was denied
11    access.  The -- the question is who ordered that and why, and
12    I -- I don't think there is any evidence here to suggest that
13    she was the one who ordered it or even that she would have
14    known why.  So I'm going to deny the motion to extend.
15              Mr. Spiva, are you seeking to file a motion for
16    summary judgment?
17              MR. SPIVA:  Yes, we are, Your Honor, and would --
18    would ask for a schedule for that.  I think we had set forth
19    some proposed dates in -- in one of our previous filings, and
20    I was going to just request a -- a slight alteration to
21    those dates.
22              THE COURT:  Okay.  What do you recommend?
23              MR. SPIVA:  Sorry.  I'm just making sure I get the
24    right place in my notes here.
25              Yes, Your Honor.  What we are proposing now would be
```

1    the motion for summary judgment be due on April 15th, that the
2    opposition be due on May 13th, and that a reply be due on
3    June 3rd, which all -- each of those dates is about a week
4    difference from what we had initially proposed with the
5    exception of the reply brief.  And I recognize that -- I think
6    the time period we have -- we were proposing for the reply
7    brief is longer than would be standard, and there's a very good
8    reason for that.
9              My colleagues -- colleague Mr. Tischenko is expecting
10   his first child imminently, and he's been heavily involved
11   in -- in drafting our briefs.  And so we're hoping that he will
12   be back in time to participate in the drafting of that, but
13   so that -- I wanted to point out that that was the reason for
14   the -- the extra time there beyond what would normally be
15   provided for a reply brief.
16             THE COURT:  Mr. Kendall, are you going to be filing a
17   cross-motion for summary judgment, or are you just intending to
18   oppose?
19             MR. KENDALL:  I'm not sure yet, Your Honor.  I'm not
20   sure.  We -- I have to talk to my co-counsel about it, and we
21   have not spoken about that just yet.
22             THE COURT:  Okay.
23             MR. KENDALL:  You know, whatever time period is
24   given -- 4/15 appears to me to be a little -- little quick.
25   That's only two weeks from today.  I would ask that that date

1    be moved back toward the end of this month for purposes of
2    filing a motion for summary judgment and a response be due 30
3    days thereafter.
4           THE COURT:  Okay.  So what I'm -- I'm going to accept
5    Mr. Spiva's recommendation, but he'll go first, and what we'll
6    do is allow the plaintiffs to file their opposition along with
7    any cross-motion for summary judgment on -- on May 13th.
8           So, Mr. Kendall, you'll still have well over a month
9    before you need to file anything on this.  And then I'm going
10   to add on a final date for the plaintiffs' opportunity to
11   reply, and we'll do that on June -- I'm sorry -- yeah,
12   June 24th.  So let's see if I can get this right, and somebody
13   can correct me if I'm -- if these dates don't work.
14          The defendant's motion for summary judgment would be
15   due April 15th, 2019.  The plaintiffs' opposition and any
16   cross-motion would be due May 13, 2019.  The defendant's reply
17   and any opposition, if there is a cross-motion, would be due on
18   June 3rd, 2019.
19          And, Mr. Kendall, you'd have an opportunity to file a
20   reply -- and this is only if you filed a cross-motion for
21   summary judgment yourself -- on June 24th, 2019.  So that final
22   date is only operative if the plaintiffs have filed a
23   cross-motion for summary judgment.
24          Mr. Spiva, does that make sense to you?
25          MR. SPIVA:  It does, Your Honor.  Just one slight

```
 1        request.  If the plaintiffs were to file a cross-motion for
 2        summary judgment, I'm wondering if we could maybe get the --
 3        kind of the same amount of time to respond to their
 4        cross-motion as -- as -- as they would get to respond -- you
 5        know, to oppose our motion, which I think would be a little bit
 6        later than June 3rd.
 7                   THE COURT:  That's fine.  Should we say June 13th?
 8                   MR. SPIVA:  That would be great.
 9                   THE COURT:  Okay.  And so I'm just going to set those
10        dates regardless.  We're not going to have kind of a sliding
11        scale here.
12                   MR. SPIVA:  Okay.
13                   THE COURT:  And then we'll push back the plaintiffs'
14        reply into July.  You've got the July --
15                   MR. SPIVA:  June, Your Honor?
16                   THE COURT:  No.  The --
17                   MR. SPIVA:  Oh, I'm sorry.  Plaintiffs.  Okay.
18        Sorry.  I'm often on -- I -- we're the defendants here.  Sorry.
19        I'm often representing the plaintiffs.  I got confused.
20                   THE COURT:  So we'll say July 15th.
21                   MR. SPIVA:  Okay.
22                   THE COURT:  So, again, that would be defendant's
23        motion for summary judgment would be due April 15th, 2019.  The
24        plaintiffs' opposition and any cross-motion for summary
25        judgment would be due May 13, 2019.  The defendant's reply and
```

```
 1    any opposition, to the extent that there is a cross-motion for
 2    summary judgment, would be due June 13th, 2019.  And if the
 3    plaintiffs have filed a cross-motion for summary judgment,
 4    they'll have an opportunity to make a reply on July 15th, 2019.
 5             Mr. Kendall, does that all make sense to you?
 6             MR. KENDALL:  Yes.
 7             THE COURT:  Okay.  Thanks, gentlemen.  Anything
 8    further from you, Mr. Kendall?
 9             MR. KENDALL:  Nothing, Your Honor.
10             THE COURT:  Okay.  Mr. Spiva?
11             MR. SPIVA:  No, Your Honor.  Thanks very much.
12             THE COURT:  Thanks, gentlemen.
13             (The proceedings were concluded.)
14
15
16
17
18
19
20
21
22
23
24
25
```

## CERTIFICATE OF OFFICIAL COURT REPORTER

I, Nancy J. Meyer, Registered Merit Reporter, Certified Realtime Reporter, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true, and complete transcript of the proceedings to the best of my ability.

Dated this 7th day of November, 2019.

/s/ Nancy J. Meyer
Nancy J. Meyer
Official Court Reporter
Registered Merit Reporter
Certified Realtime Reporter
333 Constitution Avenue Northwest, Room 6509
Washington, D.C. 20001